# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **PATSy J. MALONE,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Case No. 5:07-CV-1506-VEH |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Patsy J. Malone ("Ms. Malone") brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("the Commissioner"), which denied her application for disability and disability insurance benefits ("DIB"). Ms. Malone timely pursued and exhausted her administrative remedies available before the Commissioner. This case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. This court has carefully considered the record and affirms the Commissioner as more fully explained below.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal

standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the administrative law judge's ("ALJ") opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Bloodsworth*, 703 F.2d at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[1] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

---

[1] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through March 27, 2008.

twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
    (4)    whether the claimant can perform her past work; and
    (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote*

*v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further show that such work exists in the national economy in significant numbers.  *Id*.

## FACTUAL BACKGROUND

Ms. Malone was 52 years of age on December 31, 2002, which was her date last insured ("DLI").  (Tr. 37).  She claimed disability and disability insurance benefits on March 28, 2005, alleging a disability onset date of December 31, 2002.  (Tr. 16).  Ms. Malone is a high school graduate and worked as a seamstress and sales attendant before her alleged disability onset date.  (Tr. 179-181).  As stated in the disability report form, Ms. Malone based her disability claims upon rheumatoid arthritis and bad swelling in her joints.  (Tr. 72).

## FINDINGS OF THE ALJ

The ALJ first determined that Ms. Malone's DLI was December 31, 2002.  (Tr. 18).  The ALJ then found that Ms. Malone had not engaged in substantial gainful activity since December 31, 2002, the alleged onset date of her disability.  (*Id.*).  The ALJ found that Ms. Malone had the severe impairments of hypertension, osteoarthritis, and rheumatoid arthritis.  (*Id.*).  As a result, Ms. Malone met the first two prongs of the five prong test; however, the ALJ did not find that these impairments – taken separately or in tandem – met or equaled the criteria of a listed impairment.  (Tr. 19).

The ALJ further found that Ms. Malone had a residual function capacity ("RFC") to perform light work, which encompassed her previous duties as a seamstress and sales attendant. (Tr. 19-20). A vocational expert ("VE") testified that the seamstress position was light and semi-skilled and the sales attendant position was light and unskilled. (Tr. 181). Therefore, the ALJ found that Ms. Malone could perform her past relevant work and rendered a finding that she was not disabled. (Tr. 20-21).

## FINDINGS AND HOLDINGS OF THE COURT

Ms. Malone seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed with an award of benefits or remanded for further consideration. (Pl. Br. 8).

**I.  The ALJ did not err in giving little weight to Dr. Henderson's assessments of Ms. Malone's impairments occurring after her DLI.**

Ms. Malone argues that the ALJ should have given more deference to the medical opinion of her treating physician, Dr. Henderson. (Pl. Br. 5-6). More specifically, Ms. Malone argues the physical capacity evaluation completed by Dr. Henderson on November 11, 2006, should have been given more weight according to Eleventh Circuit case law. (Pl. Br. 6). The Regulations and applicable case law support Ms. Malone's contention that a treating physician's medical opinion should

be given significant weight, absent a finding of good cause to disregard it. 20 C.F.R. § 404.1527(d); *Lewis v. Callahan,* 125 F.3d 1436 (11th Cir. 1997) ("The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error."); *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983) ("We adopt the position of the Second and Seventh Circuits that a treating physician's opinion is still entitled to significant weight notwithstanding that he did not treat the claimant until after the relevant determination date.").

However, the ALJ does not run afoul of *Lewis* or *Boyd* in affording less weight to Dr. Henderson's medical opinion, both because the evaluation in question was completed almost four years after Ms. Malone's DLI and because the other medical evidence, or lack thereof, supports the ALJ's decision.[2] Because Ms. Malone's DLI fell on December 31, 2002, the ALJ properly placed much more weight on evidence of medical treatment occurring on or before that date.[3] The ALJ clearly articulated his reasoning for giving less weight to Dr. Henderson's 2006 opinion and more

---

[2] The ALJ points out that Ms. Malone's doctors' visits before her DLI were infrequent. Furthermore, he notes that Ms. Malone did not stop working because of her disability, but was laid off. (Tr. 20).

[3] *See* 42 U.S.C. § § 416(i)(2)(C), 416(i)(3). The guidelines for determining disability clearly state that the claimant must meet the insured requirements in order to be eligible for disability benefits.

weight to evidence from the time period contemporaneous with the DLI: "The record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even had limitations greater than those determined in this decision prior to the date last insured." (Tr. 20).

The ALJ reiterated within his opinion that Dr. Henderson's determinations of Ms. Malone's impairments four years after the DLI are simply not as persuasive as a diagnosis occurring at the time of the DLI. Through examination of Ms. Malone's medical records before the time of her DLI and a later, non-examining opinion from State Disability Determination Services, the ALJ properly came to the conclusion that Ms. Malone was not under a disability at the time of her DLI.

The former Fifth Circuit has stated that "[t]he Social Security Act is also clear in requiring that disability must be proven to exist *during the time that the claimant is insured* within the meaning of the special insured status requirements of the Act." *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979) (emphasis added).[4] Therefore, Ms. Malone's contention that "the record as a whole establishes disability as of December 31, 2002" does not prevail when this court examines the medical records both prior and subsequent to the DLI. (Pl. Br. 6).

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Former Fifth Circuit handed down prior to October 1, 1981.

## CONCLUSION

The court concludes that the ALJ's determination that Ms. Malone is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed, and a separate order in accordance with the memorandum opinion will be entered.

**DONE** and **ORDERED** this the 11th day of April, 2008.

 

**VIRGINIA EMERSON HOPKINS**
United States District Judge